**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BERNABE ENCARNACION,

                              Plaintiff,                    9:15-cv-1411 (BKS/ML)

v.

JAMES SPINNER,

                              Defendant.

**Appearances:**

*Plaintiff pro se:*
Bernabe Encarnacion
91-B-0943
Attica Correctional Facility
Box 149
Attica, New York 14011

*For Defendant:*
Letitia James
Attorney General of the State of New York
Kostas D. Leris
Assistant Attorney General
The Capitol
Albany, New York 12224

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

        Plaintiff pro se Bernabe Encarnacion brought this action under 42 U.S.C. § 1983 against

Defendant James Spinner alleging that Defendant violated Plaintiff's Fourteenth Amendment

procedural due process rights. (Dkt. No. 1, at 1.) Following a three-day trial, at which Plaintiff

was represented by pro bono counsel, the jury returned a verdict finding that Plaintiff had failed

to prove his claim by a preponderance of the evidence. (Dkt. No. 215.) The Court entered

judgment in accordance with that verdict. (Dkt. No. 217.) Presently before the Court are: (1)

Plaintiff's motion for a new trial under Federal Rule of Civil Procedure 59(a),[1] (Dkt. No. 221),

which is fully briefed, (Dkt. Nos. 222, 227), and (2) Defendant's motion for a bill of costs, (Dkt.

No. 220), which Plaintiff opposes, (Dkt. No. 228). For the following reasons, the Court denies

Plaintiff's motion for a new trial and grants in part Defendant's motion for a bill of costs.

## II.     PLAINTIFF'S MOTION FOR A NEW TRIAL

### A.     Standard of Review

Pursuant to Federal Rule of Civil Procedure 59, a court may, "on motion, grant a new

trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has

heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The

decision to grant a new trial is left to the discretion of the trial judge, and a "motion for a new

trial should be granted when, in the opinion of the district court, 'the jury has reached a seriously

erroneous result or . . . the verdict is a miscarriage of justice.'" *Song v. Ives Lab'ys, Inc.*, 957

F.2d 1041, 1047 (2d Cir. 1992) (quoting *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370

(2d Cir. 1988)). "The general grounds for a new trial are that (1) the verdict is against the clear

weight of the evidence; (2) the trial court was not fair; (3) substantial errors occurred in the

admission or rejection of evidence o[r] the giving or refusal of instructions to the jury; or (4)

damages are excessive." *Utica Mut. Ins. Co. v. Century Indem. Co.*, 419 F. Supp. 3d 449, 466–67

(N.D.N.Y. 2019) (quoting *Welch v. United Parcel Serv., Inc.*, 871 F. Supp. 2d 164, 174

(E.D.N.Y. 2012)). But it is "well-settled . . . that the constitutional guarantee of effective

---

[1] Plaintiff inappositely moves for "'a mistrial' and for 'a new trial' pursuant to Federal Rule[] of Civil Procedure[] Rule 5.2(c)." (Dkt. No. 221, at 2.) Defendant construes this as a motion for a new trial under Rule 59, (Dkt. No. 222, at 2), and in reply, Plaintiff correctly refers to Rule 59, (Dkt. No. 227, at 1). The Court construes Plaintiff's motion as a motion for a new trial pursuant to Rule 59.

assistance of counsel does not extend to civil cases," and accordingly, ineffective assistance of counsel is not grounds for a new trial under Rule 59. *See Booker v. Graham*, No. 13-cv-1342, 2018 WL 895587, at *4, 2018 U.S. Dist. LEXIS 23995, at *10–11 (N.D.N.Y. Feb. 14, 2018) (quoting *Guardado v. Nassau Cnty. Corr. Facility*, 160 F. App'x 66, 68 (2d Cir. 2005) (summary order)), *aff'd*, 974 F.3d 101 (2d Cir. 2020). Nor is Rule 59 "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). Rather, "the granting of a new trial is [] extraordinary relief . . . [and] 'is properly granted only upon a showing of exceptional circumstances.'" *Rosello v. Long Island Rail Rd. Co.*, 50 F. Supp. 3d 242, 249 (E.D.N.Y. 2014) (quoting *United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 391 (2nd Cir. 2001)).

In evaluating a motion for a new trial pursuant to Rule 59, "a trial judge hearing a motion for a new trial 'is free to weigh the evidence . . . and need not view it in the light most favorable to the verdict winner.'" *Song*, 957 F.2d at 1047 (quoting *Benevivo v. Saydjari*, 574 F.2d 676, 684–85 (2d Cir. 1978). A "court may 'independently weigh the evidence presented at trial to determine whether the jury's verdict is "seriously erroneous" or resulted in a "miscarriage of justice."'" *Edwards v. Schrader-Bridgeport Int'l., Inc.*, 205 F. Supp. 2d 3, 8 (N.D.N.Y. 2002) (quoting *Finn-Verburg v. N.Y. State Dep't of Lab.*, 165 F. Supp. 2d 223, 228 (N.D.N.Y. 2001)). In so doing, "the court 'is afforded considerable discretion.'" *Id.* (quoting *Finn-Verburg*, 165 F. Supp. 2d at 228). But the decision whether to credit a witness's testimony is within the discretion of the jury. *See Toliver v. N.Y.C. Dep't of Corr.*, 202 F. Supp. 3d 328, 335–36 (S.D.N.Y. 2016); *see also Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 418 (2d Cir. 2012) (noting that "a judge 'should rarely disturb a jury's evaluation of a witness's credibility'" (quoting *DLC Mgmt.*

*Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998))). And a court's prerogative to weigh the evidence presented at trial "is not a permission slip to 'ignore the jury's role in resolving factual disputes and assessing witness credibility.'" *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 490 F. Supp. 3d 593, 616–17 (E.D.N.Y. 2020) (quoting *Mugavero v. Arms Acres, Inc.*, 680 F. Supp. 2d 544, 558–59 (S.D.N.Y. 2010).

When challenging the fairness of a trial on the basis of the composition of the jury, a Rule 59 movant "is obligated to point to something . . . suggesting racial bias in the jury selection process." *Williams v. City of Newburgh*, 830 F. Supp. 770, 773 (S.D.N.Y. 1993); *see also Espaillat v. Cont'l Express, Inc.*, 33 F. App'x 567, 569 (2d Cir. 2002) (holding that unparticularized arguments that jurors of a certain ethnicity were excluded were insufficient to grant a new trial). Merely pointing to the composition of the jury as proof of its unfairness is insufficient to warrant a new trial. *See Williams*, 830 F. Supp. at 773. Similarly, a plaintiff must "make some kind of basic, threshold showing of impropriety beyond mere generalized speculation" to demonstrate unfairness of the trial arising from the behavior of the jury. *See Utica Mut. Ins. Co.*, 419 F. Supp. 3d at 471.

A trial court has considerable discretion in determining whether evidence is admissible. *See Barrett v. Orange Cnty. Hum. Rts. Comm'n*, 194 F.3d 341, 346 (2d Cir. 1999). Thus, a new trial will be granted on the basis of improper evidentiary rulings only where improper rulings "affect[] a substantial right of the moving party." *Mem'l Drive Consultants, Inc. v. ONY, Inc.*, 29 F. App'x 56, 61 (2d Cir. 2002) (summary order) (citing *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993)). Whether an evidentiary error implicates a substantial right depends on "the likelihood that the error affected the outcome of the case." *Malek*, 994 F.2d at 55. "Where there has been an objection, a new trial is warranted if the [c]ourt's evidentiary ruling was 'clearly

prejudicial to the outcome of the trial,' taking into account 'the record as a whole.'" *Graham v. City of N.Y.*, 128 F. Supp. 3d 681, 705 (E.D.N.Y. 2015) (quoting *Johnson v. Strive E. Harlem Emp Grp.*, 990 F. Supp. 2d 435, 450 (S.D.N.Y. 2014)). "But where [the moving party] did not object, a new trial is warranted only for plain error 'so serious and flagrant that it goes to the very integrity of the trial.'" *Johnson*, 990 F. Supp. 2d at 450 (quoting *Marcic v. Reinauer Transp. Cos.*, 397 F.3d 120, 124 (2d Cir. 2005)).

> **B.     Analysis**

Plaintiff's arguments in support of his motion for a new trial pursuant to Rule 59 are generally divisible into two categories: (1) the trial was not fair and (2) substantial errors occurred in the admission or rejection of evidence. (Dkt. No. 221, at 2–7.) Interwoven into his arguments is Plaintiff's contention that he received ineffective assistance of counsel. (*Id.* at 2, 4–6.) But it is "well-settled . . . that the constitutional guarantee of effective assistance of counsel does not extend to civil cases," and accordingly, ineffective assistance of counsel cannot be a basis for a new trial under Rule 59. *See Booker*, 2018 WL 895587, at *4, 2018 U.S. Dist. LEXIS 23995, at *10–11 (quoting *Guardado*, 160 F. App'x at 68). Thus, the Court denies Plaintiff's motion for a new trial to the extent that it is premised on a claim of ineffective assistance of counsel and turns to address Plaintiff's specific arguments that (1) the trial was not fair and (2) substantial errors occurred in the admission or rejection of evidence.

> **1.     Fairness of the Trial**

Plaintiff argues that the trial was not fair because "all Black and Spanish jurors w[ere] excluded from [the] trial and [Plaintiff was] tried . . . [by a] white jury"; "Plaintiff . . . was forced to stand in trial in his prisoner's green uniform"; "a correction officer [sat] next to the jury and [went] . . . to the jury room with the jury"; and trial witness Ernesto Perez lied under oath. (Dkt. No. 221, at 2–3.) Defendant argues that there were no Black or Hispanic jurors in the jury pool,

the Court explained to Plaintiff that the jury represented a fair cross section of the community, and Plaintiff has failed to provide any evidence to the contrary; that Plaintiff consented to wearing his prison uniform at trial; and that Plaintiff has not asserted wrongdoing on the part of any correction officer. (Dkt. No. 222, at 2–3.)

Plaintiff raised his concern about the composition of the jury—that it included no Black or Hispanic jurors—at the conclusion of the first day of trial. The Court explained to Plaintiff how the jury pool was formed and that it included people from a wide area, not just the City of Syracuse. In reply to Defendant's opposition to his motion for a new trial, Plaintiff suggests that "the [majority] of [the] Black and Hispanic community[,] up to 30[ to ]40% of Syracuse['s] population[,] [live] in the West and South side [] area of the Federal Building [and] Courthouse are[a]." (Dkt. No. 227, at 2.) Whether or not this contention is true, it is irrelevant. As the Court explained, the area from which jury pools are drawn is much larger than the area surrounding the courthouse. *See* Juror FAQ, https://www.nynd.uscourts.gov/juror-faq (last visited Mar. 15, 2023). And Plaintiff has not "point[ed] to something . . . suggesting racial bias in the jury selection process," *Williams*, 830 F. Supp. at 773, but instead has merely pointed to the composition of the jury as proof of its unfairness. This is insufficient to warrant a new trial. *See id.*; *see also Dedjoe v. Esper*, No. 15-cv-1170, 2019 WL 697821, at *5, 2019 U.S. Dist. LEXIS 26341, at *16 (N.D.N.Y. Feb. 19, 2019) ("Without [evidence that the jury venire impermissibly excluded African-Americans or did not represent a fair cross section of the community], the motion for a new trial on the ground that the trial was unfair because of the racial composition of the jury pool or trial jury must be denied."), *aff'd*, 804 F. App'x 1 (2d Cir. 2020).

Plaintiff's claim that he was forced to wear his prison uniform is also insufficient to warrant a new trial because Plaintiff consented to wearing it. The right not to be compelled to

appear before a jury in a prison uniform generally applies to defendants in criminal trials. *See Campbell v. Greene*, 440 F. Supp. 2d 125, 145 (N.D.N.Y. 2006) ("In order to ensure a criminal defendant's right to a fair trial, the Supreme Court has determined that an accused cannot be forced "to go to trial in prison or jail clothing because of the possible impairment of the presumption [of innocence]." (quoting *Estelle v. Williams*, 425 U.S. 501, 504 (1976))). But whether presiding over a civil or criminal trial, a court has a duty to exercise its discretion to ensure a fair trial, free, to the extent feasible, from the prejudicial effects the hallmarks of imprisonment may have. *See Davidson v. Riley*, 44 F.3d 1118, 1122 (2d Cir. 1995) ("In either [criminal or civil] case[s], the court must be alert to avoid practices that may undermine the fairness of the factfinding process. Forcing a party to appear at a jury trial in manacles and other shackles may well deprive him of due process unless the restraints are necessary."). The Court did so. Indeed, at the outset of trial, the Court noted that Plaintiff was permitted to wear clothes other than his prison uniform, and both Plaintiff's pro bono counsel and Plaintiff himself, after translation, indicated Plaintiff's consent to wearing his prison uniform. Thus, the Court will not grant a new trial on this basis. *See Jones v. Lantry*, No. 04-3967, 2011 WL 5402463, at *2, 2011 U.S. Dist. LEXIS 128567, at *6 (E.D.N.Y. Nov. 4, 2011) (finding that a plaintiff wearing "full prison garb" during trial—despite the court issuing a pre-trial order permitting the plaintiff to wear civilian clothing—did not provide sufficient grounds for the court to grant a new trial where the plaintiff did not timely object).

Plaintiff's claim that a "correction officer" sat next to the jury and accompanied the jury to the jury room is meritless. The individual situated next to the jury throughout the trial who escorted the jury into and out of the jury room was not a correction officer, but a Court Security Officer employed by the United States Marshals Service. Furthermore, Plaintiff has not

suggested the presence of the Court Security Officer was associated with misconduct of or impact on the jury. *See, e.g.*, *Utica Mut. Ins. Co.*, 419 F. Supp. 3d at 471 (indicating the need "to make some kind of basic, threshold showing of impropriety beyond mere generalized speculation" to demonstrate juror misconduct).

Finally, Plaintiff's argument that a witness lied under oath is insufficient warrant a new trial. Plaintiff suggests that "Mr. Perez lied under oath to the jury" during Perez's testimony regarding translation and interpretation at Plaintiff's May 28, 2013, hearing. (Dkt. No. 221, at 3.) But Plaintiff has not provided any support for this contention, and the Court is unable to identify what specific testimony Plaintiff suggests is false. In any case, the decision whether to credit a witness's testimony is within the discretion of the jury. *See Toliver*, 202 F. Supp. 3d at 335–36; *see also Raedle*, 670 F.3d at 418. In essence, Plaintiff's request that the Court now find that Perez's testimony was false amounts to a request that the Court "ignore the jury's role in resolving factual disputes and assessing witness credibility." *Am. Tech. Ceramics Corp.*, 490 F. Supp. 3d at 616–17 (quoting *Mugavero*, 680 F. Supp. 2d at 558–59 (S.D.N.Y. 2010). The Court declines to do so.

Thus, Plaintiff's claims suggesting that the trial was not fair, individually or in sum, are insufficient to provide a basis for the Court to grant Plaintiff's motion for a new trial.

### 2.    Admitted and Excluded Evidence

Plaintiff also argues that substantial errors occurred in the admission or rejection of evidence. (Dkt. No. 221, at 2–7.) Namely, Plaintiff argues that the Court should not have admitted the recording and transcript of the May 28, 2013, hearing; the testimony of Ernesto Perez, Albert Gravlin, and Catherine Schrader; cell photographs; and an appeal letter and petition from an Article 78 petition. (*Id.*) Plaintiff also argues that the Court should have admitted evidence of the reversal and expungement of the May 28, 2013, hearing determination; a

document showing a refund of $52 paid in restitution for the May 28, 2013, hearing determination; a letter to the Inspector General's Office, and evidence calling into question Plaintiff's prior convictions. (*Id.*) Defendant argues that "Plaintiff's claims related to the evidence that was either admitted or precluded from the trial are nothing more than an attempt to relitigate old issues, which is improper." (Dkt. No. 222, at 2.) The Court agrees with Defendant.

Defendant, pursuant to the Court's trial order, (Dkt. No. 156), submitted a motion in limine seeking pretrial rulings on the admissibility of certain evidence. (Dkt. No. 199.) As is relevant here, Defendant's motion specifically sought the exclusion of evidence of the reversal and expungement of the May 28, 2013, hearing determination. (*Id.* at 7–8.) Plaintiff did not submit a motion in limine in which pretrial evidentiary issues could have been raised but did respond in opposition to Defendant's motion. (Dkt. No. 208.) The Court ruled on that motion during the October 3, 2022, final pretrial conference and excluded evidence of the reversal and expungement of the May 28, 2013, hearing determination. (Text Minute Entry dated Oct. 3, 2022.) The Court based its ruling on Federal Rule of Evidence 403, citing the dangers of confusion of issues and unfair prejudice and the concern that the jury would give the expungement undue weight in their analysis of whether there was a due process violation. The Court exercised its discretion in ruling on that issue, and Plaintiff has not advanced any theory as to why the Court's ruling was erroneous.

Plaintiff also asserts that he was precluded from introducing "documentary evidence" corroborating his testimony that he has been incarcerated for over thirty years "as the result of . . . two wrongful convictions for crimes that have never happen[ed]," referring to his conviction

for selling cocaine in 1990 and his conviction for murder in 1996. (Dkt. No. 221, at 6.)[2] But

Plaintiff did not seek to admit any such documentary evidence at trial. At the end of the first day

of trial, after Plaintiff had rested his case, he told the Court that he thought he should have an

opportunity to explain that he is innocent of the charges for which he is incarcerated. The Court

informed Plaintiff that he could speak to his attorneys about his concerns, and no such

documentary evidence was ever proffered.

Ultimately, Plaintiff's disputes of the Court's disposition of the evidentiary issues are

attempts at "relitigating old issues . . . or otherwise taking a 'second bite at the apple.'" *Sequa*

*Corp*, 156 F.3d at 144. And Plaintiff has not shown that these rulings were 'clearly prejudicial to

the outcome of the trial,' taking into account 'the record as a whole.'" *Graham*, 128 F. Supp. 3d

at 705 (quoting *Johnson*, 990 F. Supp. 2d at 450).

As for the remaining evidence with which Plaintiff takes issue, Plaintiff failed to object to

the admission or exclusion of such evidence at trial.[3] And Plaintiff has not suggested that the

admission or exclusion of this evidence amounted to "plain error 'so serious and flagrant that it

goes to the very integrity of the trial.'" *Johnson*, 990 F. Supp. 2d at 450 (quoting *Marcic*, 397

F.3d at 124). Nor has Plaintiff suggested that the admission or exclusion of any of the evidence

at issue "affect[ed] a substantial right," *Mem'l Drive Consultants*, 29 F. App'x at 61, or

otherwise "affected the outcome of the case," *Malek*, 994 F.2d at 55. In fact, upon

"independently weigh[ing] the evidence presented at trial," *Song*, 957 F.2d at 1047 (quoting

---

[2] The Court excluded evidence of Plaintiff's murder conviction at trial at Plaintiff's request, (Dkt. No. 208, at 2–5), and Plaintiff's convictions for selling drugs were admissible only for impeachment under Federal Rule of Evidence 609(a)(1). (Text Minute Entry dated Oct. 3, 2022.)

[3] The Court notes that Plaintiff stipulated to the admission of the recording and transcript of the May 28, 2013, hearing and the cell photographs, (Dkt. No. 213, at 1–2); Plaintiff did not object to Perez, Gravlin, or Schrader testifying at trial; and Plaintiff does not appear to have proffered any evidence of a refund of $52 paid in restitution or the letter to the Inspector General's Office, (Dkt. No. 204).

*Benevivo*, 574 F.2d at 684–85), the Court cannot conclude that the admission or exclusion of any evidence discussed by Plaintiff affected the outcome of the case or that the jury's verdict was "'seriously erroneous' or resulted in a 'miscarriage of justice.'" *Edwards*, 205 F. Supp. 2d at 8 (quoting *Finn-Verburg*, 165 F. Supp. 2d at 228). Accordingly, Plaintiff's claims that the Court erred in the admission or rejection of evidence are insufficient to provide a basis for the Court to grant Plaintiff's motion for a new trial.

In sum, Plaintiff has failed to demonstrate that the trial was not fair or that substantial errors occurred in the admission or rejection of evidence. And the Court is not otherwise persuaded that the jury reached a seriously erroneous result or that the verdict is a miscarriage of justice. Accordingly, Plaintiff 's motion for a new trial is denied.

## III.   DEFENDANT'S MOTION FOR A BILL OF COSTS

Federal Rule of Civil Procedure 54(d)(1) states in relevant part that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." "[T]he Supreme Court has held that the term 'costs' includes only the specific items enumerated in 28 U.S.C. § 1920." *Whitfield v. Scully*, 241 F.3d 264, 269 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). Section 1920 provides that the following costs are taxable: (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copying costs "where the copies are necessarily obtained for use in the case"; (5) docketing fees under 28 U.S.C. § 1923; and (6) fees for court-appointed experts and interpreters. 28 U.S.C. § 1920. "The burden is on the prevailing party to establish to the court's satisfaction that the taxation of costs is justified." *Cohen v. Bank of N.Y. Mellon Corp.*, No. 11-cv-456, 2014 WL 1652229, at *1, 2014 U.S. Dist. LEXIS 57829, at *2 (S.D.N.Y. Apr. 24, 2014) (quoting *John G. v. Bd. of Educ.*, 891 F. Supp. 122, 123 (S.D.N.Y. 1995)). "[B]ecause

Rule 54(d) allows costs 'as of course,' such an award against the losing party is the normal rule obtaining in civil litigation, not an exception." *Whitfield*, 241 F.3d at 270.

Defendant seeks a total of $1,812.82 in costs associated with defending this action. (Dkt. No. 220.) Plaintiff opposes Defendant's motion. (Dkt. No. 228.)

### A.      Witness Fees

Defendant seeks a total of $1,168.12 in costs for witnesses, including $160 for the attendance of four witnesses at trial, $678.12 for mileage, and $330 for subsistence. (Dkt. No. 220, at 3.) Plaintiff argues that the testimony of three non-party witnesses was "false, fabricated, [irrelevant,] and unnecessary" and that, therefore, fees associated with those witnesses are not taxable. (Dkt. No. 228, at 1–2.)

Plaintiff's arguments are without merit. The decision whether to credit a witness's testimony is within the discretion of the jury, *see Toliver*, 202 F. Supp. 3d at 335–36; *Raedle*, 670 F.3d at 418, and the testimony of each witness "was relevant and material to . . . issue[s] in the case and reasonably necessary to [their] disposition," *Zulu v. Barnhart*, No. 16-cv-1408, 2019 WL 4544420, at *2, 2019 U.S. Dist. LEXIS 159344, at *4 (N.D.N.Y. Sept. 19, 2019) (quoting *Fed. Sav. & Loan Ins. Corp. v. Szarabajka*, 330 F. Supp. 1202, 1208–09 (N.D. Ill. 1971)).[4] Thus, Defendant is entitled to "fees and disbursements for . . . [these] witnesses." *See* 18 U.S.C. § 1920(3).

Accordingly, because the statutory witness attendance fee is $40.00 per witness, 18 U.S.C. § 1821(b), because Defendant has correctly calculated mileage for each witnesses at the rate of $0.625, as prescribed under 28 U.S.C. § 1821(c)(2) and the United States General

---

[4] As Plaintiff alludes to in his opposition to Defendant's motion for a bill of costs, (Dkt. No. 228), Gravlin testified about conditions of confinement in the Special Housing Unit, Perez testified about his role translating Plaintiff's May 28, 2013, hearing, and Schrader testified about her inspection of Plaintiff's Special Housing Unit cell and subsequently issued misbehavior report.

Services Administration Privately Owned Vehicle Mileage Rates, effective July 1, 2022, https://www.gsa.gov/travel/plan-book/transportation-airfare-pov-etc/privately-owned-vehicle-mileage-rates/pov-mileage-rates-archived (last visited Mar. 15, 2023), and because Defendant's subsistence calculations comply with the requirements of 18 U.S.C. § 1821(d) and the United States General Services Administration FY 2023 Per Diem Rates for New York, https://www.gsa.gov/travel/plan-book/per-diem-rates (last visited Mar. 15, 2023), Defendant's request for costs in the amount of $1,168.12 for witness fees is granted. *See* N.D.N.Y. Guidelines for Bills of Costs §§ II(F)(1)(a)–(c), (e).

### B.     Transcript Fees

Defendant seeks $488.95 in costs for the transcript of Plaintiff's November 2, 2016, deposition. (Dkt. No. 220, at 5). A prevailing party is "permitted to recover costs for [an] original . . . transcript[]." *C.C. ex rel. Camarata v. Polaris Indus., Inc.*, No. 14-cv-975, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18 (N.D.N.Y. June 19, 2018); *see also* N.D.N.Y. Guidelines for Bills of Costs § II(D)(1)(c). Thus, Defendant is entitled to an award of costs in the amount of $488.95 for transcript fees.

### C.     Exemplification and Copy Fees

Defendant seeks costs for one copy of Plaintiff's 127-page deposition transcript at the rate of $0.25 per page—a rate that the Court finds reasonable—for a total of $31.75. (Dkt. No. 220, at 5.) Defendant also seeks to recover the cost of "[o]ne (1) copy of discovery produced to [P]laintiff (325 pages)" at the rate of $0.25 per page for a total of $81.25. (*Id.*) Defendant specifically identifies the documents that were included. (Dkt. No. 220-2, at 2–4.)

A prevailing party is "permitted to recover costs for . . . one copy of [a] transcript[]." *Camarata*, 2018 WL 3031848, at *5, 2018 U.S. Dist. LEXIS 101785, at *18. Furthermore, "[c]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery." *Green*

*v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *2, 2019 U.S. Dist. LEXIS 159343, at *4

(N.D.N.Y. Sept. 19, 2019) (quoting *Phillips v. Allen*, No. 07-c-666, 2011 WL 1884558, at *2,

2011 U.S. Dist. LEXIS 49065, at *7 (N.D. Ill. May 6, 2011)). Defendant "provided sufficient

information regarding the purpose of the copies" and the Court finds that the copies were

"necessary [as they] relate to the 'initial disclosure requirements.'" *Green*, 2019 WL 4508927, at

*2, 2019 U.S. Dist. LEXIS 159343, at *4 (quoting *U.S. ex rel. Cullins v. Astra, Inc.*, No. 09-

60696-civ, 2010 WL 3008833, at *5, 2010 U.S. Dist. LEXIS 87669, at *16 (S.D. Fla. July 28,

2010)).

Finally, Defendant seeks costs associated with fifty-seven pages of trial exhibits. (Dkt.

No. 220, at 5). Specifically, Defendant seeks the cost of preparing three copies of the trial

exhibits at $0.25 per page, totaling $42.75. Defendant's supporting documentation does not

indicate the content, purpose, or recipient of each copy of the trial exhibits for which

reimbursement is sought. Because copies made solely for the convenience of counsel are not

taxable costs, *see* N.D.N.Y. Guidelines for Bills of Costs § II(H)(2)(a), the Court reduces the

amount Defendant seeks for trial exhibits by one-third, yielding $28.50 in taxable costs for trial

exhibits. *See Gyllenhammer v. Am. Nat'l Red Cross*, No. 15-cv-1143, 2019 WL 175122, at *3,

2019 U.S. Dist. LEXIS 5132, at *7 (N.D.N.Y. Jan. 11, 2019). Accordingly, Defendant is entitled

to an award of costs in the amount of $141.50 for exemplification and copy fees. When

combined with the award of costs in the amount of $1,168.12 for witness fees and $488.95 for

transcript fees, the total award of costs to which Defendant is entitled is $1,798.57.

### D.    Stay Pending Appeal

Plaintiff notes in his opposition to Defendant's motion for a bill of costs that his

"[§] 1983 action [is] still active[,] open[,] and pending on appeal in the U.S. Court of Appeals for

the Second Circuit." (Dkt. No. 228, at 2.) The Court construes this as a request for a stay pending appeal.

Under this Court's Guidelines for Bills of Costs, "[u]less otherwise ordered by the District Court, or the Circuit Court of Appeals pursuant to Fed. R. App. P. 8, the filing of an appeal shall not stay the taxation of costs." N.D.N.Y. Guidelines for Bills of Costs § I(F)(2). Federal Rule of Civil Procedure 62, which governs stays of proceedings to enforce a judgment and "outlines the mechanism for how a stay may be obtained while an appeal is pending," does not "expressly permit a stay" pending appeal without bond to a party that is not the United States. *Miller v. City of Ithaca*, No. 10-cv-597, 2017 WL 61947, at *4, 2017 U.S. Dist. LEXIS 1310, at *12 (N.D.N.Y. Jan. 5, 2017). However, because "[Rule 62] does not limit the district court's inherent power to issue a stay in a manner that does not fall within the scope of the Rule," *id.*, the Court utilizes its framework in evaluating Plaintiff's request.

"The party requesting a stay bears the burden of showing that the circumstances justify an exercise of th[e court's] discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). In deciding whether to stay proceedings, courts consider four factors, the first two of which "are the most critical": "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

Here, Plaintiff has not made any showing of a likelihood of success on the merits or irreparable injury absent a stay. Having considered the applicable factors, the Court finds that

Plaintiff has failed to meet his burden of showing that the circumstances here warrant a stay, and his motion for a stay of taxation of costs pending appeal is therefore denied.

## IV.     CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for a new trial, (Dkt. No. 221), is **DENIED**; and it is further

**ORDERED** that Defendant's motion for a bill of costs, (Dkt. No. 220), is **GRANTED** in part to the extent that Defendant is awarded $1,798.57, but it is otherwise denied; and it is further

**ORDERED** that Plaintiff's request for a stay pending appeal, (Dkt. No. 228), is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 5, 2023
         Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge